# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
### MADISON DIVISION

| | |
|---|---|
| Cora Fuller<br>8342 Veedum St.<br>Pittsville, WI 54466 | Case No.:<br><br>Judge: |
|       Plaintiff, | **COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT AND<br>OTHER EQUITABLE RELIEF** |
| v. | |
| NCO Financial Systems, Inc.<br>c/o CT Corporation System<br>8040 Excelsior Dr., Suite 200<br>Madison, WI 53717 | **JURY DEMAND ENDORSED HEREIN** |
|       Defendant. | |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around November 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment and spoke to Plaintiff's boss ("Boss").

8. On or around November 12, 2008, Plaintiff telephoned Defendant.

9. During this communication, Defendant threatened to seize Plaintiff's assets if Plaintiff did not pay the debt immediately.

10. During this communication, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not pay the debt immediately.

11. At the time of the communication referenced above, Defendant had neither the intent nor ability to seize Plaintiff's assets.

12. At the time of the communication referenced above, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

13. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## <u>COUNT FOUR</u>

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or

unconscionable means to collect the debt.

## <u>JURY DEMAND</u>

21. Plaintiff demands a trial by jury.

## <u>PRAYER FOR RELIEF</u>

22. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and

        reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: <u>*/s/ Richard J. Meier*</u>
Richard J. Meier
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: rjm@legalhelpers.com
*Attorney for Plaintiff*